VENTERS, J., CONCURRING IN PART AND DISSENTING IN PART:
I respectfully disagree with the Majority's decision, after de novo review, to reinstate the trial court's punitive damage award of $80 million dollars. I believe the trial court placed too much dependence upon the use of a 4:1 ratio and not enough emphasis upon the absolute amount of the punitive damages it awarded. I would affirm the Court of Appeals remitter of a $20 million-dollar award of punitive damages. Based upon the relevant factors involved in our de novo review, I conclude that the outrageous conduct of the Appellee/ Cross-Appellant is adequately punished with an exemplary award of $20 million dollars.
The five factors to be examined in a review of the degree of reprehensibility of Grant Thornton's conduct point toward a lesser amount than the sum imposed by the trial court. The harm inflicted was not physical injury; it did not reflect disregard for the personal safety and health of others; and the target of Appellee's reprehensible conduct was far from vulnerable but was instead a powerful interest in its own right searching for a means to bring millions of dollars in overseas profits into this country without paying taxes.
A 4:1 ratio between the harm inflicted and a punitive damage award is not per se excessive, but the ratio cannot be properly evaluated without regard for its effect in absolute terms. A 4:1 ratio applied to a small compensatory loss of only a $1 million yields a reasonably punitive sum of $4,000,000. The punitive damage award exceeds the compensatory damages by $3 million. Geometrically increasing the penalty by a multiplier of four quickly becomes excessive when the compensatory damages increase by $19 million but punitive damage assessment expands exponentially by the sum of $76,000,000.
Consequently, I would affirm the Court of Appeals with respect to the award of punitive damages. I have no other disagreement with the Majority's otherwise fine analysis.